IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | : | |
|---|---|---|
| **PAUL DOUGLAS HALE,** | : | |
| | : | CASE NO. |
| v. | : | 5:17-CV-463 (CAR) |
| | : | |
| **TOWALIGA CIRCUIT DISTRICT** | : | |
| **ATTORNEYS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court are Plaintiff Paul Douglas Hale's Motion to Proceed *In Forma Pauperis* and "Emergency Notice and Demand to the District Court" to issue a cease and desist order to the Towaliga Circuit Superior Court Judges to "cease and desist the prosecution of Plaintiff." As explained below, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 5]; however, Plaintiff must refile a recast complaint sufficiently stating a claim a for relief for this action to proceed. The Court **DENIES** Plaintiff's "Emergency Notice and Demand to the District Court" [Doc. 6].

Motion to Proceed *In Forma Pauperis*

Plaintiff seeks to initiate a lawsuit against "Towaliga Circuit District Attorneys, et. al," but he neither identifies any specific Defendant nor states a coherent or viable claim in his Complaint. Plaintiff has moved the Court for permission to proceed

1

without prepayment of fees. It appears Plaintiff is unable, because of his poverty, to pay the cost of commencing this action and still provide for himself and any dependents, and therefore the Court **GRANTS** his Motion [Doc. 5] to proceed *in forma pauperis.*[1] However, if Plaintiff wishes to maintain this action, **he must file a recast Complaint** stating a viable claim against a named Defendant, which will supercede his original Complaint, as hereinafter directed.

Plaintiff's Complaint is almost impossible to decipher. The allegations are disjointed and incoherent. For example, in the "Introduction and Summary" of Plaintiff's thirty-five (35) page Complaint, he alleges that

> I and my Permanently Disabled Mother are Victims of Documented Chemical Poisoning and False Swearings by Norfolk Southern Railroad Private Police to Cover Up Norfolk Southern's Railroad Chemical Discharges Regardless of Experiencing Immediate Medically Documented Respiratory, Ocular, Dermal, and Additional Medical Emergencies, Resulting in False Arrests and Imprisonments, Solitary Confinement Without A Hearing, **JUDICIALLY ENFORCED LAW ENFOREMENT-DETENTION CENTER TORTURES, PUBLIC DEPUTY AND EMS HANDCUFFED BRUTALIZATION AND TORTURES OF MYSELF EXPERIENCING RESPIRATORY EMERGENCY DENIED NERBY EMERGENCY ROOM** And Manifold Immediate Threats To Our Lives **INCLUDING MACHINE GUNNING BY LAW ENFORCEMENT** With Those Declared In Conspiracy with Three (3) Deputy Led Aggravated Assaults, Law Enforcement Entering Our Home Without Warrant During Our Absences **Resulting In Theft of Mother's New Clothing, Our Food AND THEFT OF THIRTEEN (13) GOLD NATIONAL**

---

[1] 28 U.S.C. § 1915.

2

## **CHAMPTIONSHIP SKATING MEDALS AND HEART MEDICATION.**[2]

As is its duty, this Court has scrutinized Plaintiff's Complaint and the "Emergency Amendments" to the Complaint and has liberally construed all of Plaintiff's assertions.[3] From what this Court can decipher, Plaintiff appears to allege that sometime in 2016 and/or 2017, he and his mother were poisoned by emissions from Norfolk Southern Railroad. He also references false arrests, "jail torture," assaults, denial of medical care, conspiracy, contaminated water, stalking, excessive force, *Miranda* violations, illegal searches, gang beatings, war crimes, prostitution, and drugs. He entitles this civil action as an "Emergency Habeas Corpus," but it does not appear Plaintiff is an inmate seeking to determine whether his imprisonment is unlawful. Plaintiff's allegations are so expansive and rambling, the Court is unclear the specific claims Plaintiff is seeking to assert against which specific Defendants.

Plaintiff fails to provide any coherent factual detail in his Complaint to allow this Court to make a proper evaluation of his claims. Under 28 U.S.C. § 1915(e), a court must *sua sponte* dismiss an indigent nonprisoner's complaint or portion thereof which

---

[2] Complaint, pp. 1-2, [Doc. 1].

[3] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

(1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[4] This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] A dismissal under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[6] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'"[7]

Rather than dismiss his claims, however, the Court will allow Plaintiff the opportunity to recast his Complaint by identifying specific causes of action, supported by sufficient factual allegations, alleged against specifically-named Defendants, all of which must be clearly set forth in the Complaint. This Court will not sift through another thirty-five page, incoherent Complaint in an attempt to discover supporting factual allegations. The allegations should support the identified causes of action

---

[4] 28 U.S.C. § 1915(e)(2)(b).

[5] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[7] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

against the named Defendants only.  Plaintiff should organize his recast Complaint by claims, naming each claim and then explaining the specific actions taken by Defendants supporting that claim, before proceeding on to another claim.

"Emergency Notice and Demand to the District Court" to Enjoin State Prosecution

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions."[8] Thus, this Court may not enjoin any state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief.[9]

Plaintiff utterly fails to satisfy this rigorous standard. Plaintiff fails to identify any criminal case or defendant and does not come close to showing any criminal prosecution would result in irreparable harm, violate the federal constitution, was brought in bad faith, or any other unusual circumstances necessary to grant his requested relief. Plaintiff's Motion is **DENIED**.

---

[8] *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[9] *Mitchum v. Foster*, 401 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54)).

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 5] is **GRANTED.** However, Plaintiff is hereby **DIRECTED** to submit a recast Complaint within twenty-one (21) days from the date of this Order. The recast Complaint must be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond to this Order in a timely manner, the Court will dismiss this action.

Plaintiff's "Emergency Notice and Demand to District Court" [Doc. 6] is **DENIED**.

There will be no service of process until further order from the Court.

**SO ORDERED**, this 24th day of January, 2018.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT